### ZWEIFASH v. WELLER.

(Supreme Court, Appellate Term.   February 4, 1907.)

SALES—ACTIONS FOR PRICE—AMOUNT OF RECOVERY.

Where, in an action to recover for goods sold and delivered, the complaint demands judgment for a certain sum, but on the trial plaintiff admits part payment of the amount claimed in the complaint, a judgment for plaintiff must be limited to the amount remaining unpaid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1060.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Abraham Zweifash against Harry L. Weller. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Phillips & Samuels, for appellant.

Lucius A. Waldo, for respondent.

BLANCHARD, J. This is an action to recover for goods sold and delivered, and the complaint demands judgment for $114.50. On the trial of the action the plaintiff testified that he sold certain goods to the defendant of the value of $114.50, that an amount had been paid on account, and that there was still due $78.25. The defendant admits the purchase of goods, and testifies that some of them were not according to sample, others were misfits, all of which were returned, and that he sent a check to the plaintiff for the goods he retained. The learned court below gave plaintiff judgment for $114.50.

Upon the record before us this was clearly error. In his testimony the plaintiff admitted payment of $35, and claimed merely a balance of $78.25 to be due; and in no event should the judgment have been for more than that sum. Counsel have tried to supply omissions in the record by recitals in their briefs; but they do not agree, and we must adhere to the record and be bound by it. While we do not think the evidence in the case establishes an accord and satisfaction, as contended by the defendant, we do think that the record as to the kind, quality, quantity, and value of the goods returned is unintelligible, and that the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.